IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

HAMBONE DOG PROPERTIES, LLC

Debtor.

CHAPTER 11

CASE NO. 10-05375-8-SWH

**EMERGENCY MOTION FOR ORDER ALLOWING USE OF CASH COLLATERAL, FOR ORDER SHORTENING NOTICE TIME, AND REQUESTING AN INTERIM HEARING ON THE USE OF CASH COLLATERAL**

NOW COMES Hambone Dog Properties, LLC and moves for an Order allowing use of cash collateral pursuant to 11 U.S.C. § 363, shortening notice time pursuant to Fed. R. Bankr. P. 9006, and requesting an order setting an interim hearing on the use of cash collateral, and in support thereof would respectfully show the Court the following:

Pursuant to Bankruptcy Rule 4001(c)(1)(B) the Debtor sets forth the following introductory statement:

The Debtor is currently anticipating a continuation of operations by way of reorganization. The Debtor believes that in order to maintain existing operations and retain maximum value of its business, the Debtor will be required to incur certain operating expenses. The Debtor will require necessary funds for operating its business and other expenses, including insurance, repairs, maintenance, utilities, and other expenses. The Debtor's only source of continued income is through the rental of real property. It appears that the income generated from the Debtor's real property business may constitute cash collateral within the meaning of § 363 of the Bankruptcy Code of one of more of the following, Carolina Bank, Crescent State Bank, RBC Bank, and Suntrust Bank (the "Creditors").

1. On July 6, 2010, Hambone Dog Properties, LLC ("Debtor") filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of North Carolina.

2. The Debtor expects the Bankruptcy Court for the Eastern District of North Carolina to allow Debtor to continue operations pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code and to continue to allow the Debtor to retain its assets and operate its business as a debtor in possession.

3. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(M).

4. The Debtor owns 10 restaurant/food service buildings. One is in Lynchburg, Virginia; the rest are in North Carolina. The restaurants have historically been subject to "triple net" leases, and Debtor has had few expenses to be paid directly other than mortgage payments.

5. The Debtor granted a security interest in all or substantially all of its assets, to various lenders including Carolina Bank, Crescent State Bank, RBC Bank, and Suntrust Bank:

   a. Crescent State Bank has perfected security interests in Debtor's property located at:

      5840 Samet Drive, High Point, NC 27265
      699 E. Cone Boulevard, Greensboro, NC 27405

   b. RBC Bank has perfected security interests in Debtor's property located at:

      701 Evans Street, Greenville, NC 27834
      1003 Spence Avenue, Goldsboro, NC 27534
      1130 N. Wesleyan, Rocky Mount, NC 27804
      1615 S. Horner Boulevard, Sanford, NC 27330
      1707 S. Horner Boulevard, Sanford, NC 27330

   c. Suntrust Bank has perfected security interests in Debtor's property located at:

       2001 N. Main Street, High Point, NC 27262
       2011 N. Main Street, High Point, NC 27262

   d. Carolina Bank has perfected a security interest in Debtor's property located at:

       5704 Seminole Avenue, Lynchburg, VA 24502

   6. It appears that the cash proceeds generated from the post-petition rental of the Debtor's properties may constitute cash collateral of Creditors within the meaning of § 363 of the Bankruptcy Code. Lenders have not consented to the use of the cash collateral.

   7. The Debtor believes that its businesses is operating profitably so long as tenants pay rent. The Debtor needs to use cash collateral to continue operations.

   8. The Debtor is currently anticipating a continuation of operations. The Debtor faces ordinary and necessary expenses. In order to continue the operation of its business and maintain going concern value, the Debtor requires the use of cash collateral on an emergency, interim basis pending a final hearing on such use of cash collateral.

   9. Most of Debtor's property is insured by tenants under the "triple net" leases; tenants are responsible for maintenance; utilities are routinely paid by the tenants.

   10. Debtor's income has been severely reduced and erratic due to the financial difficulties of Ham's Restaurants, Inc. (which is now in bankruptcy), the non-payment of rent on 5704 Seminole Avenue, Lynchburg VA, and the abandonment of four properties: 1003 Spence Avenue, Goldsboro, NC (now re-let), 1130 N. Wesleyan, Rocky Mount, NC, 701 Evans Street, Greenville, NC, and 2011 N. Main Street, High Point, NC.

   11. In the bankruptcy proceedings involving Ham's Restaurants, Inc. (09-09233-8-RDD) there is a pending motion to sell all operations pursuant to § 363 of the Bankruptcy Code. On Friday, July 23, 2010, a competing bidder filed an objection. It now appears that bidding

will occur on August 3, 2010, and Debtor cannot be certain who will prevail or which locations, if any, the prevailing bidder will lease from Debtor.

12. Debtor must be prepared to insure any property vacated, to maintain the utilities (especially power to maintain refrigeration where perishable items may spoil), and to secure and maintain such property.

13. Since filing the petition, Debtor has received rental income sufficient to fund these minimal but urgent needs.

WHEREFORE, the Debtor prays for an Order of the Court (i) shortening the notice time; (ii) setting an interim hearing on the use of cash collateral in time to allow debtor to be prepared for the results of the August 3, 2010 auction; (iii) allowing the interim use of cash collateral pending final order; and (iv) setting a final hearing to consider the use of cash collateral.

This the 26th day of July, 2010.

/s/ Nigle B. Barrow, Jr.
Nigle B. Barrow, Jr.
Attorney for Debtor, Hambone Dog Properties
NC State Bar No. 7597
P. O. Box 2714
Raleigh, NC 27602-2714
Telephone: 919-834-2116

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that copies of the foregoing **Emergency Motion for Order Allowing Use of Cash Collateral, for Order Shortening Time, and Requesting an Interim Hearing on the Use of Cash Collateral** have been served upon each of the parties listed below **by Express Mail**

>Marjorie Lynch
>Bankruptcy Administrator
>300 Fayetteville Street Mall, Suite 620
>Raleigh, NC 27601
>
>Carolina Bank
>2604 Lawndale Drive
>Greensboro, NC 27408
>
>Crescent State Bank
>P.O. Box 5809
>Cary, NC 27512
>
>RBC Bank
>P.O. Box 1220
>Rocky Mount, NC 27802
>
>Suntrust Bank
>P.O. Box 79079
>Baltimore, MD 21279

to the party listed below by **electronic mail**

>William E. Burton III
>Smith Moore Leatherwood LLP
>300 North Greene Street, Suite 1400
>Greensboro, NC 27401
>*will.burton@smithmoorelaw.com*

and to and the remainder of the parties on the attached matrix **via United States Mail**.

  This the 26th day of July, 2010.

                <u>/s/ Nigle B. Barrow, Jr.</u>
                Nigle B. Barrow, Jr.
                Attorney for Debtor, Hambone Dog Properties
                NC State Bar No. 7597
                P. O. Box 2714
                Raleigh, NC 27602-2714
                Telephone: 919-834-2116