**SO ORDERED.**

**SIGNED this 22 day of December, 2010.**



_Stephani W. Humrickhouse_
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

HAMBONE DOG PROPERTIES, LLC

Debtor.

CHAPTER 11

CASE NO. 10-05375-8-SWH

**CONSENT ORDER ON MOTION OF CRESCENT STATE BANK TO LIFT STAY AS TO THE SAMET DRIVE PROPERTY FILED SEPTEMBER 30, 2010 AND MOTION TO CONFIRM STAY IS NOT IN EFFECT OR IN THE ALTERNATIVE TO LIFT STAY AS TO THE CONE BOULEVARD PROPERTY FILED OCTOBER 5, 2010**

This matter was scheduled for hearing on November 22, 2010 on two separate motions filed by Crescent State Bank:

(1)   September 30, 2010, Motion of Crescent State Bank for Relief from Automatic Stay or, in the alternative, for Adequate Protection; and

(2)   October 5, 2010, Motion of Crescent State Bank to Confirm that Stay Is Not in Effect as to Actions against Ham's Lakeside Acquisition, LLC, or, in the Alternative, for Relief from Automatic Stay.

Debtor, in its response to the October 5, 2010 order, moves the Court to allow Debtor to complete the merger of Ham's Lakeside Acquisition LLC into Debtor. At the time of the hearing, the Debtor and Crescent State Bank announced that they had agreed to a settlement of

all issues related to the two motions. The Bankruptcy Administrator did not object. The parties now, by consent, present this order for review, approval, and entry by the Court. It appears to the Court that these terms are reasonable and appropriate, are in the best interest of the bankruptcy estate and the creditors, and should be approved. The Court, therefore, orders as follows:

(1) Debtor shall pay Crescent State Bank $28,718.19 per month as adequate protection payments until a plan of reorganization is confirmed. Such adequate protection payments shall commence on December 15, 2010 and be payable on the 15th of each month thereafter until the first month after confirmation of Debtor's plan of reorganization;

(2) Debtor is hereby allowed to complete the merger of Ham's Lakeside Acquisition LLC unto Debtor;

(3) The total indebtedness of Debtor to Crescent State Bank is stipulated and agreed to be $4,325,101.13 combined on Note number 88001367 dated May 4, 2005 and Note Number 88004080 dated October 25, 2007 (collectively "Notes"); the Notes shall bear interest at the rate of five percent (5%) per annum; Debtor shall pay Crescent State Bank $28,718.19 per month on or before the 15th day of each month commencing on the first month after confirmation of Debtors plan of reorganization;

(4) Failure to make payments as specified in paragraphs 1 and 3 above, or to pay the entire outstanding indebtedness on demand pursuant to paragraph 7 below, shall constitute an event of default under the Notes and the Deeds of Trust related thereto. In the event of such payment default, Crescent State Bank ("the Bank") shall give written notice of default and Debtor shall have ten (10) days from the date such written notice is sent to cure said default;

(5) If Debtor defaults and fails to cure such default within ten (10) days from when written notice is sent, the automatic stay shall be lifted as to Crescent State Bank without further additional hearing and Crescent State Bank shall be permitted to exercise any and all available rights and remedies in the event of default provided under the Notes, and the Deeds of Trust that secure the Notes, including, without limitation, the right to foreclose on the properties of the Debtor in which Crescent State Bank holds a security interest; ;

(6) The Bank shall have the right to demand payment in full of the entire indebtedness then outstanding on or after the day of the fifth anniversary of the confirmation of Debtor's plan of reorganization;

(7) All other terms and conditions of the Notes, the Deeds of Trust that secure the

       Notes, and all attendant loan documents shall remain in force and effect as they were as of the date of Debtor's filing of its petition;

(8)     Crescent State Bank shall have no claim to any funds held in the DIP account except as set forth in paragraph (1) above;

(9)     The Debtor shall assign to Crescent State Bank any and all administrative claims, and the right to pursue same, owed to the Debtor in the bankruptcy case captioned <u>In re Ham's Restaurants, Inc.</u>, Case No. 09-09233-8-RDD (E.D.N.C. Bankr..) to the extent that those claims arise from or relate to amounts owed pursuant to that certain Lease Agreement Dated October 10, 2007 between Hambone Dog Properties, LLC and Ham's Restaurants, Inc., and any amendments and addenda thereto (the "Lease") or otherwise arise from or relate to the property of the Debtor and/or Ham's Lakeside Acquisition, LLC in which Crescent State Bank holds a security interest; notwithstanding the assignment, Debtor shall be permitted to file any such claims for the benefit of Crescent;

(10)     The Debtor shall not seek to recover costs and expenses pursuant to 11 U.S.C. § 506(c) from property in which Crescent State Bank holds a security interest except to the extent that this Order, and/or the confirmed plan treatment for Crescent State Bank permits the Debtor to use rental proceeds that would otherwise constitute Crescent State Bank's cash collateral;

(11)     Debtor will amend its plan or reorganization to incorporate the terms of this order.

                              "End of Document"